

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: May 10, 2024.**

_____
**CRAIG A. GARGOTTA
CHIEF UNITED STATES BANKRUPTCY JUDGE**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 21-51531-CAG |
| | § | |
| HUNTER ROSS CARTER, | § | |
| | § | CHAPTER 7 |
| | § | |
| Debtor. | § | |
| | § | |
| JAMES ALLEN GUSE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | ADV. NO. 22-05041-CAG |
| | § | |
| HUNTER ROSS CARTER | § | |
| | § | |
| Defendant. | § | |

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR JUDGMENT FOR ATTORNEY'S FEES AND COSTS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54 AND LOCAL RULE 7054 (ECF NO. 70)**

Came on to be considered Plaintiff's Motion for Judgment for Attorney's Fees and Costs Pursuant to Federal Rule of Procedure 54 and Local Rule 7054 ("Motion for Attorney's Fees")

(ECF No. 70).[1] Defendant filed his Response (ECF No. 75) and Plaintiff filed his Reply (ECF No. 82). This is a core proceeding under 28 U.S.C. § 157(b)(2). Both parties have consented to the entry of a final order and final judgment by the Court (ECF Nos. 21, 23, and 50 at 6). Venue is proper under 28 U.S.C. § 1409(a). The Court has jurisdiction over the proceeding under 28 U.S.C. §§ 1334 and 157(a). The Court finds that Plaintiff's Motion for Attorney's Fees (ECF No. 70) should be GRANTED IN PART and DENIED IN PART.

## FACTUAL AND PROCEDURAL BACKGROUND

On February 7, 2024, the Court found Hunter Ross Carter's ("Defendant") debt to James Allen Guse ("Plaintiff") non-dischargeable pursuant to 11 U.S.C. § 523(a)(6)[2] (ECF No. 62). The remaining issues before the Court are (i) whether Plaintiff is entitled to attorneys' fees and if so, (ii) whether those fees are also non-dischargeable pursuant to § 523. Defendant argues that Plaintiff has not established a legal or factual basis for the Court to find a statutory or contractual exception to the "American Rule." (ECF No. 75 at 1). Plaintiff counters that its attorneys' fees are non-dischargeable pursuant to (i) Rule 54 of the Federal Rules of Civil Procedure and Local Rule 7054, and (ii) that the contract exception to the "American Rule" applies because the underlying conversion action is grounded in contract (ECF No. 70 at 3 and ECF No. 80 at 4). For the reasons set forth below, the Court finds that Plaintiff is not statutorily entitled to attorneys' fees, nor does the contract exception to the "American Rule" apply. Additionally, the Court will grant Plaintiff's requests for pre- and post-judgment interest, as well as court costs.

Sometime in May 2020, Plaintiff sought to purchase an interest in real property in Tempe, Arizona as part of a tax-deferred exchange under Internal Revenue Code § 1031 (ECF No. 62 at

---

[1] "ECF" denotes electronic case filing number. Unless otherwise noted, all references to "ECF" herein refer to documents filed in Adversary Proceeding 22-05041.
[2] All statutory citations and references are to Title 11 of the United States Code unless otherwise noted.

2

3). Plaintiff was introduced to Christopher Haff, a business associate of Defendant (ECF No. 62 at 3). Haff was to provide funding through his company, Dragon Capital, LLC ("Dragon Capital"), and pledged to contribute his own personal capital (ECF No. 62 at 3). Following discussions with Haff, Plaintiff agreed to wire the $685,291.40 purchase price to Realty AI Investment Holdings, LLC ("Realty AI"), a business entity solely owned by Defendant (ECF No. 62 at 3). Plaintiff believed that Defendant's role was to safeguard Plaintiff's funds until all contributions from Haff and Dragon Capital were available for distribution (ECF No. 62 at 3). That same month, Haff provided Plaintiff with the first version of a document titled "Agreement to Hold Funds in Escrow Pending Transfer of Collateral" (the "Escrow Agreement") (ECF No. 62 at 3). Dragon Capital was listed as an "investor" and Realty AI as a "paymaster."[3] (ECF No. 62 at 3).

Sometime in June 2020, Haff requested that Defendant act as a "paymaster" agent (ECF No. 62 at 4). Defendant understood that his role was to "send off money as [Haff] requested." (ECF No. 62 at 4). Defendant ultimately agreed to act as a paymaster pursuant to an agreement titled "Agreement to Hold Funds in Account for Joint Real Estate Investment" (the "Paymaster Agreement") (ECF No. 62 at 4). Notably, Plaintiff acknowledged that his name was omitted from the Paymaster Agreement, implying that Defendant likely did not know Plaintiff at the time (ECF No. 62 at 5).

On August 21, 2020, Plaintiff, having discovered that Defendant disbursed funds to various business entities, demanded via email that Haff and Defendant return the funds (ECF No. 62 at 6). Despite Plaintiff's explicit demand, the funds were not returned (ECF No. 62 at 6). That same day, Haff informed Defendant that the funds Defendant had previously disbursed belonged to Plaintiff (ECF No. 62 at 6). The following day, Defendant emailed Haff acknowledging the funds belonged

---

[3] This document had incorrect information regarding the parties and location, and was subsequently updated to include the proper location, parties, and signature lines for Dragon Capital and Plaintiff's names (ECF No. 62 at 3–4).

3

to Plaintiff (ECF No. 62 at 6). Nonetheless, despite Defendant's confirmation of Plaintiff's rightful ownership, Defendant proceeded to disburse $132,600 of Plaintiff's funds to individuals and business entities (ECF No. 62 at 6–7):

    (i)     On August 28, 2020, Defendant disbursed $27,000 to Catherine Cocke.

    (ii)    On September 2, 2020, Defendant disbursed $15,200 to RLT Enterprises LLC.

    (iii)   On September 22, 2020, Defendant disbursed $45,000 to PSPTL LLC.

    (iv)   On September 23, 2020, Defendant disbursed $15,000 to William Haff.

On July 21, 2021, Plaintiff filed his complaint in the United States District Court for the Western District of Texas (the "District Court Complaint") seeking to hold Defendant liable for $685,291.40 for (1) money had and received; (2) conversion; (3) theft; (4) unjust enrichment; and (5) attorneys' fees (ECF No. 1, Ex. E). In the District Court Complaint, Plaintiff sought an award of attorneys' fees under Counts 1, 2, and 3, respectively (ECF No. 1, Ex. E). Further, Plaintiff requested attorneys' fees pursuant to Texas Civil Practice and Remedies Code § 134.005(b), in connection with Defendant's alleged violation of the Texas Theft Liability Act (ECF No. 1, Ex. E).

Realty AI filed for Chapter 7 bankruptcy in the Western District of Texas on July 25, 2022, and Defendant individually filed for Chapter 7 bankruptcy on December 14, 2021 (Case No. 21-51531). Plaintiff filed this adversary proceeding on May 23, 2022, arguing that Defendant acted willfully and maliciously by "(1) wrongfully controlling [Plaintiff's funds], which denied [Plaintiff] of his right therein; (2) unlawfully appropriating [Plaintiff's funds]; and (3) failing to return [Plaintiff's funds] with no justification." (ECF No. 1 at 5). Plaintiff sought a finding of nondischargeability in the amount of $685,291.40 pursuant to § 523(a)(6) because Defendant

"acted with the actual intent to cause injury to [Plaintiff] when he knowingly initiated the transfers of [Plaintiff's funds] for a purpose other than as intended." (ECF No. 1 at 6). Defendant received his discharge on May 26, 2022.

On September 22, 2023, the parties filed their Joint Pretrial Order (ECF No. 50). Beginning on October 23, 2023, the Court held a three-day trial in this adversary proceeding. Plaintiff proceeded with his claims under § 523(a)(6). After taking the matter under advisement, the Court issued its Memorandum Opinion (ECF No. 62)[4] and found that:

    (i)    Defendant committed conversion of Plaintiff's funds when he disbursed $132,600 without Plaintiff's authorization;

    (ii)    The act of disbursing Plaintiff's funds, after Defendant knew the funds belonged to Plaintiff, was willful and malicious under § 523(a)(6).

The parties were unable to reach an agreement regarding appropriate attorneys' fees. On February 26, 2024, Plaintiff filed his Motion for Attorney's Fees (ECF No. 70). Defendant filed his Response on March 1, 2024 (ECF No. 75). On March 8, 2024, Plaintiff filed his Reply to Defendant's Response (ECF No. 80). On March 22, 2024, Plaintiff filed his Supplemental Motion for Attorney's Fees (ECF No. 82). On March 25, 2024, the Court held a hearing on Plaintiff's Motion for Attorney's Fees. Following the hearing, the Court requested supplemental briefing and took the matter under advisement. On April 8, 2024, Plaintiff filed his Post-Hearing Brief in

---

[4] *In re Carter*, 2024 Bankr. LEXIS 328, 2024 WL 506183 (Bankr. W.D. Tex. 2024).

Support of Plaintiff's Motion for Attorney's Fees (ECF No. 89). Defendant filed his Legal Memorandum in Response on April 11, 2024 (ECF No. 91).

## DISCUSSION

The Bankruptcy Code does not address whether creditors can recover attorney's fees in nondischargeability cases. The Fifth Circuit has held that creditors can recover attorney's fees only if there is a contractual or statutory right to fees under state law. ***Jordan v. Southeast Nat'l Bank (In re Jordan)***, 927 F.2d 221, 226–27 (5th Cir. 1991); ***Luce v. First Equip. Leasing Corp. (In re Luce)***, 960 F.2d 1277, 1285–86 (5th Cir. 1992). "For more than a century, Texas law has not allowed recovery of attorney's fees unless authorized by statute or contract." ***Tony Gullo Motors I, L.P. v. Chapa***, 212 S.W.3d 299, 310–11 (Tex. 2006). In other words, "[a]bsent a contract or statute, trial courts do not have inherent authority to require a losing party to pay the prevailing party's fees." ***Id***.

Generally, the "American Rule" precludes any recovery of attorney's fees and costs to the prevailing party in federal litigation. ***In re Luce***, 960 F.2d at 1286 (citing ***In re Jordan***, 927 F.2d at 227). "Only when a contractual relationship between the parties authorizes the recovery of such fees, or when such a right is statutorily conferred, can such a fee award be granted." ***Woodrome v. Scott (In re Scott)***, 2013 Bankr. LEXIS 698, 2013 WL 662707 (Bankr. E.D. Tex. Feb. 25, 2013). Generally, attorney's fees are not recoverable in a tort cause of action. TEX. CIV. PRAC. & REM. CODE ANN. § 38.001 (West 2023). "Attorney's fees are generally not available for conversion claims." ***Wiese v. Pro Am Servs., Inc.***, 317 S.W.3d 857, 861 (Tex. App.—Houston [14th Dist.] 2010, no pet.); ***Star v. Rabo Agrifinance, LLC***, 644 B.R. 505, 519 (N.D. Tex. 2022). However, when a conversion claim is significantly intertwined with or dependent upon the interpretation of a contract between the parties, an award of fees may be appropriate. ***High Plains Wire Line Servs.,***

6

*Inc. v. Hysell Wire Line Serv., Inc.*, 802 S.W.2d 406, 408, 410 (Tex. App.—Amarillo 1991, no writ).

In the present case, Plaintiff ultimately prevailed on its conversion claim against Defendant (ECF No. 62 at 14). Accordingly, Plaintiff is not authorized by statute to an award of necessary and reasonable attorneys' fees on its common law conversion claim. As further explained below, the Court finds that there is not a contractual basis for awarding attorneys' fees to Plaintiff because the conversion claim is not dependent upon the interpretation of a contract between the parties.

### A. Parties' Contentions

Plaintiff requests an award of attorneys' fees associated with pursuing this litigation in the amount of $174,910.50 (ECF No. 70 at 2). Plaintiff also requests an award for reasonable expenses totaling $3,3209.01, as well as post-judgment interest (ECF No. 70 at 2). Plaintiff argues that these fees and costs are both reasonable and necessary, and occurred as a direct result of Defendant's "egregious conduct . . . as it was Defendant, alone, who failed to responsibly acknowledge the harm of and the culpability for his willful and malicious behavior." (ECF No. 70 at 2). Plaintiff acknowledges the "American Rule," but nevertheless argues that the attorneys' fees are recoverable and nondischargeable because Defendant's conduct was "sufficiently connected to the conduct which resulted in the nondischargeable debt." (ECF No. 70 at 4).

First, Plaintiff contends that Defendant's actions were made pursuant to a contract, the Paymaster Agreement (ECF No. 70 at 5). According to Plaintiff, the "evidence established that Defendant and Plaintiff each believed the transaction in question was governed by contract." (ECF No. 70 at 5). Plaintiff acknowledges that Defendant's version of the Paymaster Agreement did not name Plaintiff as a party, although the version presented to Plaintiff did include Defendant as a party (ECF No. 70 at 5). Plaintiff further argues that the contract relied upon by Defendant

7

contained identical language as the versions presented to Plaintiff, specifically regarding the right to recover attorneys' fees (ECF No. 70 at 5). For these reasons, Plaintiff contends that "Defendant's conversion of Plaintiff's funds was inextricably intertwined with the contract under which the Court found Defendant to be acting." (ECF No. 70 at 5).

Plaintiff contends that he provided Defendant with sufficient notice of his right to attorneys' fees, specifically arguing that the Court's Oral Ruling in *Griego*[5] is distinguishable (ECF No. 89 at 2). Plaintiff also argues that he did not waive his claim for attorneys' fees when he failed to include the request for fees in the Joint Pretrial Order (ECF No. 89 at 6).

In opposition, Defendant argues that Plaintiff is not entitled to recover attorneys' fees because (i) the "American Rule" applies; (ii) the Joint Pretrial Order limits Plaintiff's cause of action to conversion, a non-contract, non-statutory tort claim; (iii) Texas common law bars fee recovery for conversion claims; (iv) there is no statutory exception to the "American Rule" based upon the Court's Memorandum Opinion; and (v) the contract exception to the "American Rule" does not apply (ECF No. 75 at 3–6).

Defendant further argues that Plaintiff's Adversary Complaint fails to make a procedurally compliant claim for attorneys' fees, as the term "attorneys' fees" appears only twice (ECF No. 91 at 2). Defendant contends that even assuming Plaintiff's District Court Complaint may be considered, Plaintiff uses a "catch-all" request for fees (ECF No. 91 at 4). Defendant notes that the "catchall" request for fees used in Plaintiff's District Court Complaint is the same "catchall" language mentioned in the Court's Oral Ruling in *Griego*[6] (ECF No. 91 at 4).

---

[5] ***Griego v. FGMS Holdings, LLC (In re Griego)***, Adv. No. 22-05035 (ECF No. 118 Transcript Hearing).
[6] ***Id***.

B. **The Joint Pretrial Order Governs**

It is a well-established rule that a joint pretrial order signed by both parties supersedes all previous pleadings, governing the issues and evidence to be presented at trial. *McGehee v. Certainteed Corp.*, 101 F.3d 1078, 1080 (5th Cir. 1996); *see* *Hiner v. Koukhtiev (In re Koukhtiev)*, 576 B.R. 107, 135 (Bankr. S.D. Tex. 2017) (finding that plaintiff waived right to attorney's fees in adversary proceeding when she failed to request fees in joint pretrial statement); *see also* *Natl'l Diversity Council v. Carter (In re Carter)*, 2018 WL 6060391, 2018 Bankr. LEXIS 3636, at *128–29 (Bankr. S.D. Tex. Nov. 19, 2018) (finding that a plaintiff waived its right to attorneys' fees in an adversary proceeding by failing to request fees in complaint and joint pretrial statement).

Here, the Joint Pretrial Order (ECF No. 50), contains no request for attorneys' fees. Under these circumstances, the Court finds that Plaintiff has waived any right he may have had to attorneys' fees. As will be discussed further in Part D of this Order, even if Plaintiff had included a request for attorneys' fees in the Joint Pretrial Order, this alone would not have been sufficient to give Defendant adequate notice of the request. Additionally, Fifth Circuit case law supports this ruling. In *Capece*, the plaintiff appealed the district court's denial of its attorney's fees. *Elvis Presley Enters., Inc. v. Capece*, 141 F.3d 188 (5th Cir. 1998). The Fifth Circuit affirmed this ruling by stating that the plaintiff had waived its claim for such fees because the joint pretrial statement never requested the fees under the applicable statute. *Id*. at 206. The facts at bar are similar to those in *Capece*, and, accordingly, Plaintiff is not entitled to recover his attorneys' fees for prosecuting this adversary proceeding.

### C. The "American Rule" Applies

Texas generally follows the "American Rule," which provides that "each party pays its own attorneys' fees arising out of litigation except when specific authority granted by statute or contract states otherwise." *Trustmark Nat'l Bank v. Tegeler (In re Tegeler)*, 586 B.R. 598, 705 (Bankr. S.D. Tex. 2018); *JCB, Inc. v. Horsburgh & Scott Co.*, 597 S.W.3d 481, 491 (Tex. 2019); *Transverse, L.L.C. v. Iowa Wireless Servs., L.L.C.*, 992 F.3d 336, 344 (5th Cir. 2021). "Since the Bankruptcy Code does not address whether creditors can recover attorney's fees in nondischargeability cases, they can only do so if allowed by another statute or by contract." *Schwertner Backhoe Servs., Inc. v. Kirk (In re Kirk)*, 525 B.R. 325, 330 (Bankr. W.D. Tex. 2015) (footnote omitted); *JCB, Inc.*, 597 S.W.3d at 491. The Fifth Circuit has similarly held that creditors can recover attorney's fees only if there is a contractual or statutory right to fees under state law. *In re Luce*, 960 F.2d at 1285–86.

"While under the 'American Rule,' each party pays its own attorneys' fees arising out of litigation, certain exceptions exist." *In re Tegeler*, 586 B.R. at 708 (citing *In re Kirk*, 525 B.R. at 330.) Attorney's fees will be granted when "specific authority granted by statute or contract—a so-called 'fee shifting' provision—states otherwise." *In re Kirk*, 525 B.R. at 330 (citing *Alyeska Pipeline Serv. Co. v. Wilderness Society*, 421 U.S. 240, 263 (1975); *Key Tronic Corp. v. United States*, 511 U.S. 809, 819 (1994)); *Chapa*, 212 S.W.3d at 311)). In adherence to the "American Rule," attorney's fees are not recoverable as damages in an adversary proceeding unless such fees are authorized by statute or through an *enforceable contract between the parties*. *Pacific Addax Co. v. Lau (In re Lau)*, 2013 WL 5935616, 2013 Bankr. LEXIS 4587, at *85 (Bankr. E.D. Tex. Nov. 3, 2013) (emphasis added); *First United Bank & Trust Co. v. Buescher (In re Buescher)*, 491 B.R. 419, 439 (Bankr. E.D. Tex. 2013).

1. **No Statutory Basis for Awarding Plaintiff's Attorneys' Fees**

In the present case, even if Plaintiff had requested his attorneys' fees in the Joint Pretrial Order, under the "American Rule," each party pays his own attorney's fees unless a statute or contract sets forth otherwise. *In re Kirk*, 525 B.R. at 330. Here, there is no statute that allows Plaintiff to recover his attorneys' fees; indeed, the Bankruptcy Code does not provide for such relief. *See In re Kakal*, 596 B.R. 335, 339 (Bankr. S.D. Tex. 2019) ("The Bankruptcy Code does not independently provide attorney's fees to a party seeking an exception to discharge."); *see In re Koukhtiev*, 576 B.R. at 135 (indicating that 11 U.S.C. § 523 does not independently provide for attorney's fees as a relief to the prevailing party). Given that Plaintiff's claims, as stipulated to in the Joint Pretrial Order (ECF No. 50), were confined to a tort-based claim seeking a § 523(a)(6) exception for conversion—a common law tort—then no statutory basis exists to grant Plaintiff his fees.

2. **No Contractual Basis for Awarding Plaintiff's Attorneys' Fees**

In the Motion for Attorney's Fees, Plaintiff relies on the contract exception to the "American Rule" to recover attorneys' fees (ECF No. 70 at 4–5). However, Plaintiff's reliance on this exception is misplaced. Plaintiff argues that "Defendant's conversion of Plaintiff's fund was inextricably intertwined with the contract under which the Court found Defendant to be acting." (ECF No. 70 at 5). Defendant correctly notes, however, that the Court's Memorandum Opinion did not make a factual finding that Plaintiff and Defendant were both parties to the same Paymaster Agreement contract (ECF No. 75 at 6).

There must exist a basis for an award of attorney's fees. Here, the only contracts involved in this suit were two Paymaster Agreements and an Escrow Agreement, none of which were signed contracts between the parties. The first Paymaster Agreement was between Plaintiff, Chris Haff,

11

and Dragon Capital.[7] The second Paymaster Agreement was between Defendant, Chris Haff, and Dragon Capital.[8] In fact, "Plaintiff agreed that his name was not included in this Paymaster Agreement and thus, Defendant likely had little awareness of Plaintiff's existence at this point" (ECF No. 62 at 5). The Court further agrees with Defendant that "[t]here is no evidence that [Defendant] and [Plaintiff] both signed the same Paymaster Agreement." (ECF No. 75 at 6). Thus, the Court finds that Plaintiff's attorneys' fees are not recoverable because there was no enforceable contract between Plaintiff and Defendant.

Plaintiff further argues that under Texas law, a prevailing party may recover reasonable attorneys' fees from an individual or organization for *breach of contract*, pursuant to Texas Civil Practice and Remedies Code § 38.001 (ECF No. 70 at 6) (emphasis added). The Court finds this argument unavailing, especially because Plaintiff sued Defendant under § 523(a)(6), rather than breach of contract under Texas Civil Practice and Remedies Code § 30.001(8). More notably, the Joint Pretrial Order fails to mention the formation of a contract, or any breach of a contract, under the legal claims, disputed facts, and disputed legal claims sections (ECF No. 50).

Absent a contractual clause or applicable statutory authority, the American Rule applies. ***Tackett v. McCracken (In re McCracken)***, 2015 WL 1402888, 2015 Bankr. LEXIS 934, at *19 (Bankr. E.D. Tex. Mar. 25, 2015); *see also **Headrick v. Atchison (In re Atchison)***, 255 B.R. 790 (Bankr. M.D. Fla. 2000) ("[I]t is clear that ***Cohen*** does not itself create an independent right to attorney's fees for the benefit of a party who prevails in § 523 dischargeability proceeding.").

In *In re Ritz*, the court found a contractual basis for awarding attorneys' fees to the plaintiff. ***Husky Int'l Elecs., Inc. v. Ritz (In re Ritz)***, 567 B.R. 715, 770–71 (Bankr. S.D. Tex. 2017). There, the court awarded attorneys' fees to the plaintiff because a contract between the parties provided

---

[7] This Paymaster Agreement was dated May 28, 2020 (ECF No. 62 at 3).
[8] This Paymaster Agreement was dated June 10, 2020 (ECF No. 62 at 4).

12

that the buyer-defendant would pay the seller-plaintiff's reasonable attorneys' fees and costs. *Id*. Similarly, in *In re Tegeler*, the court awarded attorneys' fees incurred by the plaintiff for the successful prosecution of §§ 523(a)(2)(A) and (a)(6) actions, importantly, based upon express provisions in a written contract allowing recovery of attorneys' fees. *In re Tegeler*, 586 B.R. at 712. Likewise, in *In re Rifai* and *In re Scott*, the courts granted attorneys' fees after successful § 523(a)(6) prosecutions, again, based upon contractual provisions. *See In re Rifai*, 604 B.R. 277, 334 (Bankr. S.D. Tex. 2019) (granting award of attorneys' fees because promissory note provided contractual obligation for defendant to pay plaintiff's attorneys' fees); *see also In re Scott*, 2013 Bankr. LEXIS 698, at *20–21 (granting award of attorney's fees per Electronic Funds Transfer Act).

The above-mentioned cases, however, are distinguishable from the present case. In this adversary proceeding, there is no contract *between the parties* that entitles Plaintiff to recover his attorneys' fees. The Court recognizes that the two Paymaster Agreements and Escrow Agreement provide for the recovery of reasonable attorneys' fees from the non-prevailing party (ECF No. 80 at 3, Trial Pl. Ex. 5, Trial Def. Ex. 9, and Trial Def. Ex. 12).[9] However, the Court has not yet found—and Plaintiff has not yet produced—a case where a court finds a contractual basis for awarding attorney's fees in the absence of a signed contract between the parties.

Ultimately, Plaintiff fails to provide proper statutory authority, or an applicable exception to the "American Rule," that would authorize him to obtain a recovery of attorneys' fees and expenses for the services performed in this case. Because Plaintiff sued the Defendant under

---

[9] As noted in Plaintiff's underlying motion, the Paymaster Agreements contracts reflected identical language for the prevailing party to recover attorneys' fees and costs:
> (g) Any signatory to this Agreement who is the prevailing party in any legal proceeding against any other signatory under or with relation to this Agreement or transaction shall be additionally entitled to recover Court costs and reasonable attorneys' fees from the non-prevailing party.

13

§ 523(a)(6), this statute does not provide such relief. Accordingly, Plaintiff cannot recover the attorneys' fees that he has incurred for the successful prosecution of this adversary proceeding. Plaintiff's request for reasonable attorneys' fees is therefore denied.

### D. The Notice Requirement

Even if Plaintiff had properly requested his attorneys' fees in the Joint Pretrial Order, that request alone would not have been sufficient to put Defendant on notice. At the hearing on March 25, 2024, Defendant argued that Plaintiff failed to provide sufficient notice of his claim for attorneys' fees (ECF No. 89 at 2). In doing so, Defendant relied on the Court's Oral Ruling in *Griego*. ***In re Griego v. FGMS Holdings, LLC,*** Adv. No. 22-05035 (Transcript Hearing ECF No. 118). Defendant argues that the first time a request for attorneys' fees is made "is in passing reference to the complaint filed in the United States District Court for the Western District of Texas." (ECF No. 91 at 2). Defendant further argues that the "second (and final) time the term appears is at Paragraph 19 of the Adversary Complaint" (ECF No. 91 at 3). Defendant correctly notes that the Adversary Complaint's prayer for relief does not mention or refer to attorneys' fees, as it seeks relief solely in the form of a nondischargeable judgment and a general prayer for relief (ECF No. 91 at 3 and ECF No. 1 at 6). In contrast, Plaintiff contends that he provided sufficient notice of his right to attorneys' fees and that the Court's Oral Ruling in *Griego* is inapplicable (ECF No. 89 at 2–5).

Although the facts in *Griego* are wholly different from those in the present case, the Court addressed in its Oral Ruling the procedural requirements for the recovery of attorney's fees and the effect of a "catchall" request. There, this Court denied the plaintiff's request for attorney's fees because the request was not sufficiently plead with specificity, as required under the Federal Rules of Civil Procedure. Specifically, this Court analyzed Rules 8 and 9 of the Federal Rules of Civil

14

Procedure, as well as Rules 7008 and 7009 of the Federal Rules of Bankruptcy Procedure, which set forth the relevant rules for pleadings in adversary proceedings as applied to bankruptcy.

Courts uniformly agree that the purpose of these pleading provisions is "to provide parties with adequate notice of the opposing party's claims or defenses." *Charlie Y., Inc. v. Carey* (*In re Carey*), 446 B.R. 384, 391 (B.A.P. 9th Cir. 2011). Although bankruptcy courts diverge regarding specificity and sufficient notice, the Fifth Circuit provides guidance on the matter. In *United Industries v. Simon-Hartley*, the Fifth Circuit rejected the argument that a request for costs in the complaint was sufficient to request attorney's fees under Rule 9(g) because a claim for attorney's fees cannot be buried in a general request for costs. *United Indus. v. Simon-Hartley, Ltd.*, 91 F.3d 762, 765 (5th Cir. 1996); *see generally* *In re Odom*, 113 B.R. 623, 625 (Bankr. C.D. Cal. 1990) (finding that plaintiff's claim for attorney's fees insufficient to meet Rule 7008(b) because request only mentioned in prayer for relief instead of body of complaint)).

In *In re Carey*, however, the Bankruptcy Appellate Panel for the Ninth Circuit found it appropriate for the bankruptcy court to find Rule 9 was satisfied when a party plead attorney's fees in the preamble, multiple paragraphs in the body of the complaint, and in the prayer for relief. *In re Carey*, 446 B.R. at 393. Ultimately, these cases underscore that adherence to the specificity requirement under Rule 9 of the Federal Rules of Civil Procedure requires more than a generalized request in the prayer for relief. Rather, the Federal Rules of Civil Procedure often require thoroughly integrating the request for attorney's fees throughout the pleading, extending from the preamble to the prayer, to fully satisfy the threshold.

Here, Defendant is correct that Plaintiff's attorneys' fees were improperly plead. Even if Plaintiff had included a request for attorneys' fees in the Joint Pretrial Order, this alone would not have been sufficient to give Defendant adequate notice of the request. The first time that Plaintiff

15

requested his attorneys' fees was in the District Court Complaint under Counts 1 – Money Had and Received; Count 2 – Conversion; Count 3 – Texas Theft Liability Act; under a general heading titled "Attorney Fees" pursuant to Texas Civil Practice and Remedies Code § 134.005(b); and in the prayer for relief (ECF No. 1, Ex. E). The second time that Plaintiff requested attorneys' fees was in the Adversary Complaint, which reads:

> 19. Guse has incurred substantial monetary damages as a direct and proximate result of Carter's failure and/or refusal to return the Wired Funds, at minimum, in an amount of $685,291.40 plus interest, costs, and attorney fees.

(ECF No. 1 at 5).

Defendant correctly notes that the Adversary Complaint's prayer for relief also fails to mention or refer to attorneys' fees (ECF No. 1 at 6). Instead, it seeks relief solely in the form of a nondischargeable judgment and a general prayer for relief. The prayer for relief reads:

> **WHEREFORE**, Plaintiff, Guse, respectfully requests a judgment finding that Carter is liable for conversion of the Wired Funds in the amount of $685,291.40 and a determination that the debt in the amount of $685,291.40 owing by Carter to Guse is non-dischargeable pursuant to 11 U.S.C. § 523(a)(6); and such other relief as this Court deems just and proper.

(ECF No. 1 at 6).

Therefore, the Court finds that Plaintiff's Adversary Complaint fails to make a procedurally compliant claim for attorneys' fees.

### E. Plaintiff is Entitled to Pre- and Post-Judgment Interest, and this Interest is Non-Dischargeable

As with attorneys' fees, Plaintiff did not request either pre- or post-judgment interest in the Joint Pretrial Order (ECF No. 50). "Under these circumstances, one would think that the Plaintiff is not entitled to any interest" based on the Fifth Circuit's finding in *Capece* "that a joint pretrial order supersedes all pleadings, and that failure to assert a claim in the joint pretrial statement

waives that particular claim." ***In re Koukhtiev***, 576 B.R. at 135; ***In re Capece***, 141 F.3d at 206. Nevertheless, pre-judgment and post-judgment interest are excepted from this rule. ***In re Koukhtiev***, 576 B.R. at 135; *see* ***In re Sullivan***, 195 B.R. 649, 653 (Bankr. W.D. Tex. 1996) (finding that if a claim is nondischargeable, so also is the interest that continues to accrue on that claim).

### 1. Post-Judgment Interest

In ***Meaux Surface Protection, Inc. v. Fogleman***, the plaintiff requested pre- and post-judgment interest in its original complaint but did not reassert these requests in the pretrial order. 607 F.3d 161, 172 (5th Cir. 2010). On appeal, the defendants argued that the plaintiff had waived any rights to interest due to its failure to request such relief in the pretrial order. *Id*. Yet, the Fifth Circuit rejected the defendant's waiver argument in two respects. First, regarding post-judgment interest, the Fifth Circuit, citing 28 U.S.C. § 1961(a),[10] articulated an ironclad rule that "[p]ost-judgment interest is awarded as a matter of course." *Id*. at 173. The Fifth Circuit held that despite the plaintiff's failure to request post-judgment interest in the pretrial statement, it did not waive the right to such interest and, in fact, was statutorily entitled to this interest. *Id*.

Therefore, even though Plaintiff did not plead for post-judgment interest in the Joint Pretrial Order, he is nevertheless entitled to such interest. 28 U.S.C. § 1961(a) sets forth that the interest will be at the rate of the "weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a) (footnote omitted). The week preceding the date of this Court's judgment is the week ending of May 3, 2024. The post-judgment interest

---

[10] 28 U.S.C. § 1961(a) sets forth that interest "shall be allowed on any money judgment in a civil case recovered in a district court." This statute also "applies to judgments entered by a bankruptcy court." ***Ocasek v. Manville Corp. Asbestos Disease Comp. Fund.***, 956 F.2d 152, 154 (7th Cir. 1992).

rate is 5.19%. *See Post-Judgment Interest Rates*, United States District & Bankruptcy Court Western District of Texas.[11]

Accordingly, the Court will grant Plaintiff's post-judgment interest, and the rate that will be in effect on the date of the entry of this Judgment will be 5.19% per annum. *See **Int'l Beauty Products v. Beveridge (In re Beveridge)***, 416 B.R. 552, 581–82 (Bankr. N.D. Tex. 2009) (awarding post-judgment interest on debt that was declared nondischargeable pursuant to § 523). Thus, the Court's award of post-judgment interest will accrue during the period from the date the judgment is entered until the date the judgment is satisfied. ***La. Power & Light Co. v. Kellstrom***, 50 F.3d 319, 331–32 (5th Cir. 1995). Further, the Court concludes that all post-judgment interest is nondischargeable, relying upon the Supreme Court's language in ***Cohen*** that the nondischargeable debt includes "other relief." ***Cohen v. de la Cruz***, 523 U.S. 213, 223 (1998).

**2. Pre-Judgment Interest**

The Fifth Circuit decision in ***Fogleman*** also excepts pre-judgment interest from the general rule that a claim is waived if not requested in the joint pretrial statement. ***Fogleman***, 607 F.3d at 172. Specifically, the Fifth Circuit stated that:

> "State law governs the award of prejudgment interest in diversity cases." ***Harris v. Mickel***, 15 F.3d 428, 429 (5th Cir. 1994) (citations omitted). "In the absence of a statutory right to prejudgment interest, Texas law allows for an award of equitable prejudgment interest under ***Cavnar v. Quality Control Parking, Inc***., 696 S.W.2d 549 (Tex. 1985)." ***Bituminous Cas. Corp. v. Vacuum Tanks, Inc.***, 75 F.3d 1048, 1057 (5th Cir. 1996). Under this standard, "an equitable award of prejudgment interest should be granted

---

[11] Website available at: https://www.txwd.uscourts.gov/for-attorneys/post-judgment-interest-rates-weekly/ (last visited May 7, 2024).

> to a prevailing plaintiff in all but exceptional circumstances." *Id*. (citation omitted).

*Id*.

The Court finds further support in *Consolidated Cigar Co. v. Texas Commerce Bank*. 749 F.2d 1169 (5th Cir. 1985). There, the Fifth Circuit stated that "[f]ederal courts have recognized that while the substantive questions of entitlement to interest and the rates of interest are to be resolved by the applicable state law, the adequacy of a plaintiff's pleadings must be resolved by reference to Fed. R. Civ. P. 54(c) and cases construing it." *Id*. at 1174 (citations omitted). The Fifth Circuit then noted that "under the Federal Rules . . . there is no requirement for a specific pleading for prejudgment interest." *Id*. at 1175. Rather, "[u]nder Texas law, prevailing parties receive prejudgment interest as a matter of course . . ." and the award of prejudgment interest is "'based on the equitable grounds that an injured party should be made whole.'" *Executone Info. Sys., Inc. v. Davis*, 26 F.3d 1314, 1329–30 (5th Cir. 1994) (quoting *Matthews v. DeSoto*, 721 S.W.2d 286, 287 (Tex. 1986)).

Here, the Court does not discern any "exceptional circumstances" under the *Fogleman* holding to deny pre-judgment interest even though Plaintiff failed to expressly request such relief in the Joint Pretrial Order. In the present case, the pre-judgment interest will run from the date that Plaintiff filed his District Court Complaint (July 21, 2021) up to the date of the entry of this Court's Order declaring the Judgment to be non-dischargeable.

Any pre- and post-judgment interest awarded is also non-dischargeable pursuant to the Supreme Court's language in *Cohen* that the non-dischargeable debt includes "other relief that is

awarded." *Cohen*, 523 U.S. at 223. Pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure, Plaintiff is also entitled to court costs, which is also a non-dischargeable obligation.

## CONCLUSION

The Court shall deny Plaintiff's request for the recovery of attorneys' fees incurred in prosecuting the present adversary proceeding. For the reasons stated above, the Court finds that Plaintiff's Motion for Attorney's Fees (ECF No. 70) should be denied. Additionally, the Court shall grant Plaintiff's request for the recovery of pre-judgment interest from July 21, 2020, to May 9, 2024. The Court will also grant Plaintiff's request for the recovery of post-judgment interest from May 9, 2024, until the date the fees are paid in full. Lastly, the Court will grant Plaintiff's request for the recovery of court costs.

Accordingly, IT IS ORDERED that Plaintiff's Motion for Attorney's Fees (ECF No. 70) is **DENIED**.

IT IS FURTHER ORDERED that Plaintiff's request for the recovery of pre-judgment interest from July 21, 2020, to May 9, 2024, is **GRANTED**.

IT IS FURTHER ORDERED that Plaintiff's request for the recovery of post-judgment interest from May 9, 2024, until the date the fees are paid in full, is **GRANTED**.

IT IS FURTHER ORDERED that Plaintiff's request for the recovery of court costs pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure, is **GRANTED**.

# # #