

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: July 29, 2024.**

_____
**CRAIG A. GARGOTTA**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**
_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 21-51531-CAG |
| | § | |
| HUNTER ROSS CARTER, | § | |
| | § | CHAPTER 7 |
| | § | |
| Debtor. | § | |
| | § | |
| JAMES ALLEN GUSE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | ADV. NO. 22-05041-CAG |
| | § | |
| HUNTER ROSS CARTER | § | |
| | § | |
| Defendant. | § | |

### ORDER GRANTING PLAINTIFF'S MOTION TO MODIFY PURSUANT TO RULE 60(b) OR, IN THE ALTERNATIVE, MOTION TO CLARIFY, ALTER OR AMEND (ECF NO. 102)

Came on to be considered Plaintiff's Motion to Modify Pursuant to Rule 60(b) or, in the
Alternative, Motion to Clarify, Alter or Amend ("Motion to Modify") (ECF No. 102).[1] This is a
core proceeding under 28 U.S.C. § 157(b)(2). Both parties have consented to the entry of a final
order and final judgment by the Court (ECF Nos. 21, 23, and 50 at 6). Venue is proper under 28
U.S.C. § 1409(a). The Court has jurisdiction over the proceeding under 28 U.S.C. §§ 1334 and
157(a). This matter is referred to the Court pursuant to the District Court's Standing Order of
Reference. The Court finds that Plaintiff's Motion to Modify (ECF No. 102) should be
GRANTED.

### FACTUAL AND PROCEDURAL BACKGROUND

The Court issued its Memorandum Opinion on February 7, 2024 (the "Prior
Memorandum") (ECF No. 62) finding the debt owed by Hunter Ross Carter ("Defendant") to
James Allen Guse ("Plaintiff") non-dischargeable pursuant to 11 U.S.C. § 523(a)(6) (ECF No.
62).[2] The Judgment Determining Debt to be Nondischargeable (the "Judgment"), which was
drafted by Plaintiff, was entered by the Court on February 22, 2024 (ECF No. 65). The Court also
granted in part and denied in part Plaintiff's Motion for Judgment for Attorney's Fees and Costs
Pursuant to Federal Rule of Civil Procedure 54 and Local Rule 7054 ("Motion for Attorney's
Fees") (ECF No. 70) on May 10, 2024 (the "Prior Order") (ECF No. 98). On May 24, 2024,
Plaintiff filed the Motion to Modify. The Court heard the Motion to Modify on June 13, 2024.

### DISCUSSION

In the Prior Order, the Court denied Plaintiff's request for attorney's fees, but granted
Plaintiff the recovery of pre- and post-judgment interest, as well as costs. In the Motion to Modify,

---

[1] "ECF" denotes electronic case filing number. Unless otherwise noted, all references to "ECF" herein refer to documents filed in Adversary Proceeding 22-05041.
[2] All statutory citations and references are to Title 11 of the United States Code unless otherwise noted.

2

Plaintiff proposed to modify the interest rate specified in the Judgment.[3] At the hearing on June 13, 2024, Plaintiff also noted a typographical error in the Court's Prior Order and proposed a correction.

## I. The Prior Memorandum and the Judgment

As noted by Plaintiff in the Motion to Modify, "Plaintiff mistakenly provided [the Court] with the wrong prejudgment interest rate from the outset [.]" As such, when the Court entered Plaintiff's proposed form of judgment, it relied on an interest rate of 3.25% (ECF No. 65 at 2). Plaintiff now requests that the Court make modifications to allow for a pre-judgment interest rate of 5% per annum, citing to Texas Finance Code § 304.003(c) for statutory support.

Defendant objected to the modification of the 3.25% interest rate used in the Judgment because he believes that the Fifth Circuit's reasoning in *Travelers* applies to the case at bar. *Travelers Ins. Co. v. Liljeberg Enters.*, 7 F.3d 1203 (5th Cir. 1993). Specifically, Defendant contends that the pre- and post-judgment interest rates should be determined under the same statute: 28 U.S.C. § 1961.

### A. Pre-judgment Interest

The Court agrees with Plaintiff that the nondischargeable debt should accrue pre-judgment interest at the rate of 5% per annum pursuant to Texas Finance Code § 304.003(c). According to the Fifth Circuit, the award of pre-judgment interest under a federal statute requires a two-step analysis: "does the federal act creating the cause of action preclude an award of pre-judgment interest, and if not, does an award of pre-judgment interest further the congressional policies of

---

[3] The Court notes that there is no specified interest rate in its Prior Memorandum Opinion. Footnote 1 of the Judgment, on the other hand, provides: "The interest accrues from the date suit was filed (July 21, 2021) and is calculated using the then existing prime rate (3.25%)."

the federal act." ***Carpenters Dist. Council of New Orleans & Vicinity v. Dillard Dept. Stores, Inc.***, 15 F.3d 1275, 1288 (5th Cir. 1994) (internal citations omitted).

There is no provision of the Bankruptcy Code in general, or § 523 in particular, precluding an award of pre-judgment interest. "Awarding prejudgment interest also furthers the congressional purpose that the Code provide a discharge to only honest debtors." ***Husky Int'l Elecs., Inc. v. Ritz (In re Ritz)***, 567 B.R. 715, 767 (Bankr. S.D. Tex. 2017), *rev'd on other grounds*, 578 U.S. 356 (2016). Whether a party is entitled to pre-judgment interest is in the sole discretion of the court. ***Williams v. Trader Pub. Co.***, 218 F.3d 481, 488 (5th Cir. 2000). Here, Defendant, who was not entirely a credible witness, who knew Plaintiff's money was at risk, and who converted $132,600 of Plaintiff's funds and repeatedly wired those funds to other parties, should not be allowed to avoid compensating Plaintiff for the time-value of his money (ECF No. 62 at 11, 13). Indeed, "[t]he purpose of prejudgment interest is to 'make a plaintiff whole' . . . not to reward or punish a party for its litigation conduct." ***Tow v. Speer***, 2015 U.S. Dist. LEXIS 29267, 2015 WL 1058080, at *14 (S.D. Tex. Mar. 10. 2015) (quoting ***Williams***, 218 F.3d at 488)). Therefore, for the reasons set forth above, this Court, exercising its discretion, awards pre-judgment interest to Plaintiff. The next question for the Court to determine is the appropriate rate at which interest should be awarded.

In diversity cases, pre-judgment interest is calculated in accordance with state law. ***Bos. Old Colony Ins. Co. v. Tiner Assocs. Inc.***, 288 F.3d 222, 234 (5th Cir. 2002). Under Texas law, pre-judgment interest is calculated using the post-judgment interest rate. Tex. Fin. Code § 304.103; *see* ***Arete Partners, L.P. v. Gunnerman***, 643 F.3d 410, 412–14 (5th Cir. 2011) (discussing ***Johnson & Higgins, Inc. v. Kenneco Energy, Inc.***, 962 S.W.2d 507, 530–31 (Tex. 1988)). The post-judgment interest rate is statutorily set at "either 'the prime rate as published by the Board of Governors of the Federal Reserve System on the date of computation' or 'five percent a year if the

4

prime rate as published by the Board of Governors . . . is less than five percent." *Gunnerman*, 643 F.3d at 415. The current prime rate is 8.5% (the rate at the time of computation).[4] Section 304.003(c)(2) of the Texas Finance Code states that the post-judgment rate shall be set at 5% if the current prime rate is less than 5%. Here, the current prime rate of 8.5% is greater than 5%. A Texas post-judgment interest rate "can generally serve as a proxy for a Texas pre-judgment interest rate under Texas common law." *City Ctr. Wichita Falls, LLC v. Harwell (In re Harwell)*, 2024 WL 332876, 2024 Bankr. LEXIS 217, at *24–25, (Bankr. W.D. Tex. 2024). In other words, even though the Texas Finance Code cannot serve as an enabling statute to set the *pre-judgment interest rate* directly, it can indirectly serve as a proxy for the *pre-judgment interest rate* under Texas common law. *Id*.

Here, the Court hesitates to allow a pre-judgment interest rate at the current prime rate of 8.5% when the events giving rise to this suit occurred several years ago. Similarly, the Court does not find it logical to use the current prime rate for pre-judgment interest if the policy consideration is to compensate Plaintiff for its inability to invest money it was deprived of in 2020.

Pre-judgment interest "accrues on the amount of a judgment during the period beginning on the earlier of the 180th day after the date the defendant receives written notice of a claim or the date the suit is filed and ending on the day preceding the date judgment is rendered." Tex. Fin. Code § 304.104; *see Arete Partners*, 643 F.3d at 412–15 (discussing *Johnson & Higgins*, 962 S.W.2d at 530–31). Further, the Texas Finance Code stipulates that pre-judgment interest should be calculated as simple interest. Tex. Fin. Code. § 304.104

Here, Plaintiff presents no equitable considerations for the Court to consider, and it is unclear from the record when Defendant received written notice of Plaintiff's claim. The Court

---

[4] Selected Interest Rates (Daily) H.15, BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM (Jul. 22, 2024), http://www.federalreserve.gov/releases/h15/Current/.

therefore determines that pre-judgment interest should be calculated from the date the federal district court action was filed on July 21, 2021, until the date of the Judgment, February 22, 2024.[5] The Court further notes that, although this adversary proceeding did not commence until May 23, 2022, Plaintiff alleged similar causes of action in the 2021 litigation he filed in federal district court around the same nucleus of operative facts. Therefore, in line with pre-judgment interest's goal of making plaintiffs whole, the time that the "suit was filed" was July 21, 2021, when Plaintiff first filed its suit in federal district court. Further, at the June 13, 2024 hearing, both parties agreed that pre-judgment interest began accruing on July 21, 2021. The Court will therefore award Plaintiff pre-judgment interest at 5% a year, simple interest.

Having determined the date pre-judgment interest began to accrue (July 21, 2021) and the rate of accrual (5%), the Court awards $20,055.75 in pre-judgment interest, which is also nondischargeable. ***Cohen v. De La Cruz***, 523 U.S. 213, 223 (1998). The total amount awarded to Plaintiff is $152,655.75, plus accrued post-judgment interest.

Post-judgment interest in diversity cases is calculated in accordance with federal law. ***Bos. Old. Colony***, 288 F.3d at 234 (citing ***Nissho-Iwai Co. v. Occidental Crude Sales***, 848 F.2d 612, 613 (5th Cir. 1988)). This Court may award post-judgment interest on "any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). Federal law also stipulates that post-judgment interest compounds annually from the judgment date. 28 U.S.C. § 1961(b). The post-judgment interest rate is the rate of the "weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of judgment." According to the H.15 report compiled by the Federal Reserve,

---

[5] The Court allowed Plaintiff to submit a form of judgment. The Judgment provided that "Guse is entitled to pre-judgment interest on the amount due from July 21, 2021 until February 15, 2024 . . . ." (ECF No. 65 at 2). However, based upon applicable law, the date ranges should be July 21, 2021 through February 22, 2024.

the 1-year Treasury constant maturities weekly average for the week preceding February 22, 2024, is 4.94%.[6] The judgment of $152,655.75 will thus accrue post-judgment interest at a rate of 4.94% a year, compounded annually until the judgment is fully paid. After considering Defendant's objection and Plaintiff's Motion to Modify, the Court agrees with Plaintiff that the Court's Prior Order should be modified.

## II. The Prior Order

After considering Plaintiff's Motion to Modify regarding the Prior Order, the Court agrees with Plaintiff that the Prior Order's provision providing that "Plaintiff's request for the recovery of pre-judgment interest rate from July 21, 2020, to May 9, 2024, is GRANTED []" included a typographic error. As such, the Court finds that the Prior Order's provision should be modified to read that "Plaintiff's request for the recovery of pre-judgment interest rate from July 21, 2021, to February 22, 2024, is GRANTED."

### CONCLUSION

For these reasons, Plaintiff's Motion to Modify will be granted. In light of this Order, no hearing shall be held at this time and no further modifications are permitted.

Accordingly, IT IS ORDERED that Plaintiff's Motion to Modify (ECF No. 102) is **GRANTED**.

IT IS FURTHER ORDERED that the nondischargeable debt has accrued nondischargeable pre-judgment interest at the rate of 5% per year in the amount of $20,055.75, resulting in a total non-dischargeable debt owed by Defendant to Plaintiff of $152,655.75 ("Total Judgment").

IT IS FURTHER ORDERED that the Total Judgment shall accrue post-judgment interest at a rate of 4.94% a year, simple interest.

---

[6] Selected Interest Rates (Daily) H.15, BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM (July 26, 2024), https://www.federalreserve.gov/datadownload/Chart.aspx?rel=H15.

IT IS FURTHER ORDERED that the Court's Prior Order's (ECF No. 98) providing that "Plaintiff's request for the recovery of pre-judgment interest rate from July 21, 2020, to May 9, 2024, is GRANTED []" should be modified to read that "Plaintiff's request for the recovery of pre-judgment interest rate from July 21, 2021, to February 22, 2024, is GRANTED."

# # #